Opinion for the court filed by Senior Judge FRIEDMAN, in which Judge NEWMAN joins. Dissenting opinion filed by Judge DYK.
FRIEDMAN, Senior Circuit Judge.
The petitioner, Norberto Perez, challenges an arbitrator’s rejection of his contention that the Bureau of Prisons (the “Bureau”) violated the Civil Service Reform Act of 1978, Pub.L. 95-454, 92 Stat 1111, (“Reform Act”) when it suspended him indefinitely. He contends that in addition to giving him thirty-days notice of its proposed action, the Bureau also was required to determine that there was reasonable cause to believe he had committed a crime. The arbitrator correctly rejected this contention, and we therefore affirm.
I
Perez is a Correctional Counselor for the Bureau. On July 5, 2005, Perez received written notice from his supervisor that he would be suspended indefinitely pending an investigation into an inmate’s allegation that Perez had helped smuggle drugs into the prison where he worked. The inmate alleged that Perez had provided him with drugs in return for money— an accusation an FBI report supported.
The notice stated that the suspension would occur no sooner than thirty days from its receipt. The notice also informed Perez that he had the right to respond in writing and orally to the proposed suspension, which Perez and his representative did. The Bureau suspended Perez indefinitely as of August 4, 2005 — 31 days after he received the notice.
Perez challenged his suspension by invoking the grievance procedure under the collective bargaining agreement. After an evidentiary hearing, the arbitrator ruled that the Bureau had complied with the statutory requirements by giving him thirty days notice, and was not required also to determine, as Perez contended, that there was reasonable cause to believe that Perez has committed a crime. The arbitrator therefore denied Perez’s grievance. Federal Mediation and Conciliation Service Case No. 05-58351, 11-15 (Dec. 9, 2005).
*1311 II
A. This case involves the provisions of the Reform Act that govern adverse actions by the government against its employees. Subchapter II of Chapter 75 of Title 5 of the U.S.Code “applies to” five types of adverse actions, including removals, reductions in grade or pay and “a suspension for more than 14 days.” 5 U.S.C. § 7512(2). Section 7513, captioned “Cause and Procedure,” states in subsection (a) that
an agency may take an action covered by this subchapter against an employee only for such cause as will promote the efficiency of the service.
Subparagraph (b) provides that “[a]n employee against whom an action is proposed is entitled to” followed by four specified rights of the employee. The first of these rights is
(1) at least 30 days’ advance written notice, unless there is reasonable cause to believe the employee has committed a crime for which a sentence of imprisonment may be imposed, stating the specific reasons for the proposed action.
The employee also is entitled to at least seven days to answer the notice, has the right to have an attorney or other representative, and must receive “a written decision and the specific reasons therefor at the earliest practicable date.” 5 U.S.C. § 7513(b)(2)-(4).
Perez has not challenged the arbitrator’s determination that his suspension met the “efficiency of the service” standard in § 7513(a). Perez’s sole contention is that the arbitrator misinterpreted § 7513(b)(1) in ruling that, when thirty-days notice has been given, the government need not have reasonable cause to believe the employee has committed a crime before suspending the employee indefinitely. Perez’s contention finds no support in, and is inconsistent with, the structure and language of § 7513.
Section 7513(a) establishes the substantive standard justifying adverse action— promoting the efficiency of the service— and § 7513(b) prescribes the procedure to be followed in taking such action by defining the rights of affected employees. The first right of employees is to receive “at least 30-days written notice.” The “unless” clause, which immediately follows the notice requirement, is a qualification of and limitation on the notice requirement. It is not, as Perez contends, a substantive requirement (in addition to that in subsection (a)) for the particular sub-category of indefinite suspension pending an investigation of an employee’s possible criminal conduct.
In other words, what § 7513(b) requires is that an employee against whom adverse action of the kinds listed in § 7512 is proposed must be given 30-days written notice, except that such notice need not be given if the reasonable cause requirement of the “unless” clause is satisfied. Nothing in that clause even suggests, let alone requires, that a reasonable cause determination must be made before an employee may be indefinitely suspended on 30-days notice of such proposed action.
The legislative history of the Reform Act is consistent with that conclusion. The sole reference to § 7513(b)(1) we have found in that history is the following statement in the Senate Committee Report:
Subsection (b) specifies the minimum rights of an employee against whom an adverse action is proposed. These are:
1. At least thirty days’ advance written notice of the proposed action. The thirty day period may be reduced only when there is reasonable cause to believe the employee is guilty of a crime for which a *1312 sentence of imprisonment can be imposed.
S.Rep. No. 95-969, at 50 (1978), as reprinted in 1978 U.S.C.C.A.N. 2723, 2772. The last sentence in that statement supports our conclusion that the reasonable-cause provision relates only to authorizing reduction of the 30-day notice requirement. In any event, there is nothing in the legislative history that is inconsistent with our interpretation of the statute.
The regulations under the statute also support our interpretation. As 5 C.F.R. § 752.404 explains:
Section 7513(b) of title 5 of the United States Code authorizes an exception to the 30 days’ advance written notice when the agency has reasonable cause to believe that the employee has committed a crime for which a sentence of imprisonment may be imposed and is proposing a removal or suspension (including indefinite suspension).
B. Perez makes no attempt to explain how the statutory language possibly could be read to support his position. Instead, he relies primarily on broad general statements in four of our opinions which, taken out of context, appear to support his view. In each of those four cases, however, the suspended employee was given less than 30-days notice, so that the suspension could be sustained only if the reasonable cause requirement was satisfied. See Morrison v. Nat’l Sci. Found., 423 F.3d 1366, 1368 (Fed.Cir.2005) (“The agency invoked the ‘crime exception’ to the thirty-day notice rule and gave Morrison only seven days to file a written reply.”); Richardson v. U.S. Customs Serv., 47 F.3d 415, 417, 421 (Fed.Cir.1995) (discussing the Custom Service’s “summary suspension” of Richardson based on his indictment); Pararas-Carayannis v. Dep’t of Commerce, 9 F.3d 955, 957 (Fed.Cir.1993) (employee’s suspension first proposed on May 14, 1992 and became effective June 8, 1992); Dunnington v. Dep’t of Justice, 956 F.2d 1151, 1153 (Fed.Cir.1992) (“On June 17, DOJ [the Department of Justice] made the decision to indefinitely suspend Dunnington effective the following day — 14 days after DOJ first proposed the suspension.”).
Broad statements in judicial opinions must be interpreted in light of the issue before the court, and cannot uncritically be extended to significantly different situations. N. States Power Co. v. United States, 224 F.3d 1361, 1367 (Fed.Cir.2000) (citing Armour & Co. v. Wantock, 323 U.S. 126, 133, 65 S.Ct. 165, 89 L.Ed. 118 (1944) and Canadian Imperial Bank of Commerce v. Wells Fargo Bank, 811 F.2d 1490, 1494 (Fed.Cir.1987)). In the present case, in which Perez admittedly received 31-days written notice, the “reasonable cause” clause does not come into play. We do not read those cases, as the dissent apparently does, as announcing the principle that indefinite suspensions may be imposed, even with 30-days notice, only if the reasonable-cause provision is satisfied.
Indeed, Richardson supports our interpretation of the statute rather than Perez’s. There we stated that § 7513(b)(1) is designed “simply to provide an exception to only one of the rights — 30 days’ advance written notice — available to an employee before an adverse action under Subchapter II may be taken.” 47 F.3d at 419.
In his reply brief, Perez also relies on the following statement in the Board’s opinion in Canevari v. Department of Treasury, 50 M.S.P.R. 311, 315 (1991): “An agency may suspend an employee indefinitely to allow ‘examination of the charged criminal involvement’ if the agency has reasonable cause to believe an employee has committed a crime for which imprisonment may be imposed. See Johnson v. U.S. Postal Serv., 37 M.S.P.R. 388, *1313 393 (1988).” It is unclear from the Board’s Canevari opinion whether the agency gave the employee 30-days notice. The Board’s opinion contains no discussion of the statutory language, but merely cites the earlier decision in Johnson. The Johnson case, however, involved the indefinite suspension of an employee who was given only 13-days notice. See 37 M.S.P.R. at 393.
Board decisions are not binding precedent in this court, and we give those decisions only whatever weight their persuasiveness suggests is appropriate. See Jones v. Dep’t of Transp., 295 F.3d 1298, 1309 (Fed.Cir.2002) (“[D]ecisions of the Board are, of course, not binding authority upon this court.”); see also, Miller v. Office of Pers. Mgmt., 449 F.3d 1374, 1379 (Fed.Cir.2006) (“[W]e are not bound by ... decisions of the Board.”). The Board’s statement in Canevari on which Perez relies was pure dictum which, for the reasons we have given, is unpersuasive. We therefore cannot give it any, much less controlling, weight in interpreting the statute. There is therefore no occasion to address Perez’s contention that the Bureau did not have reasonable cause to believe that he had committed a crime for which imprisonment would be imposed. That issue is not present in this case.
Our decision here is a narrow one involving only the meaning of § 7513(a). We intimate no view on whether, if Perez is determined to not to have engaged in improper conduct and is restored to duty, he may obtain back pay (and other benefits) for his period of suspension. That is a claim that initially he must present to the Bureau. If he does so and the Bureau rejects the claim, he may then initiate whatever litigation may be appropriate to challenge such rejection. That, of course, is a different question from whether his indefinite suspension would promote the efficiency of the service — a question which as we have noted, Perez has not raised before us.
In sum, because the Bureau gave Perez 31-days notice before suspending him indefinitely, the “reasonable cause” provision § 7513(b)(1) is inapplicable.
There is nothing in our opinion that prevents any employee who believes that his indefinite suspension was arbitrary from obtaining review of such agency action. Since such a suspension would be “for more than 14 days,” the employee could challenge it before the Board under 5 U.S.C. § 7513(d), see Thomas v. Gen. Servs. Admin., 756 F.2d 86, 89 (Fed.Cir.1985), and obtain appropriate relief. The flaw the court finds in Perez’s argument is not, as the dissent suggests, that he cited the wrong statutory provision, but that the provision on which he relies is not applicable here. Section 7513(b) is solely a notice provision, and it provides an exception to the 30-day notice requirement for all the types of adverse actions specified in § 7512(2) if the agency has reasonable cause to believe an employee has committed a crime for which imprisonment may be imposed. The statute does not require the agency to have reasonable cause before it can indefinitely suspend an employee; it requires such cause only if the agency gives less than the 30-day notice. And if events suggest that the suspension was unwarranted, the employee may pursue the well-recognized remedies for improper agency action.
The substantive standard, set forth in § 7513(a), is that adverse actions against employees must “promote the efficiency of the service.” Arbitrary action against an employee would not satisfy that standard. Perez, however, challenges his indefinite suspension not as arbitrary or capricious, or as not promoting the efficiency of the service, but as violating the reasonable cause “requirement” of § 7513(b). The *1314 Bureau did not violate that requirement because it arises only if the agency gives an employee less than 30-days notice, and the Bureau gave Perez 31 days notice. Although Perez argues that the Bureau did not have reasonable cause to believe he committed a crime, that contention was ancillary to, and dependent on, his principal argument that under § 7513(b) he could not be suspended unless here was such reasonable cause — an interpretation of the statute that is directly contrary to the explicit text of the statute.
CONCLUSION
The decision of the arbitrator denying Perez’s grievance is

AFFIRMED.