DYK, Circuit Judge,
with whom GAJARSA and LINN, Circuit Judges,
join, dissenting from denial of rehearing en banc.
I respectfully dissent from the denial of rehearing en banc in this case. This case *1023 presents an important issue — whether, apart from section 7513(b)(1), an agency must have reasonable cause before it may impose an indefinite suspension (lasting more than fourteen days) pending an investigation. The majority’s decision here rests on its holding that the employee failed to raise this reasonable cause issue, when in my view the issue was squarely raised. While unfair to the particular employee, correction of this error may not warrant en banc review. However, in my view en banc consideration is warranted because the majority’s decision here has created confusion in an important area.
The majority made clear that it did not interpret 5 U.S.C. § 7513(b)(1) to require reasonable cause when an agency gives an employee more than thirty days’ notice of an indefinite suspension. Perez v. Dep’t of Justice, 480 F.3d 1309, 1311 (Fed.Cir.2007). The majority’s opinion is unclear, however, as to whether another provision imposes a reasonableness requirement. For example, the opinion appears to leave open whether section 7513(a), stating that the agency action shall be taken “only for such cause as will promote the efficiency of the service,” might a require reasonable basis to support an indefinite suspension. The majority notes that “[ajrbitrary action against an employee would not satisfy that standard.” Perez, 480 F.3d at 1313. As noted in my panel dissent, I think the answer is clear and uncomplicated: a reasonable basis, or reasonable cause, requirement is applicable to all indefinite suspensions lasting more than fourteen days, and necessarily follows from the agency’s admitted obligation to avoid arbitrary action. In order to support an indefinite suspension pending investigation there is no requirement that the agency establish by a preponderance of the evidence that the employee committed the act being investigated (regardless of whether the conduct charged is a crime), but there is a requirement that the agency have reasonable cause to conclude that the employee did so.
The confusion is compounded by the majority’s statement that the conclusion in our prior cases — that reasonable cause is required — was merely dictum. In my view our previous decisions have in fact held that “[i]n order for the MSPB to sustain an indefinite suspension, the agency must establish by a preponderance of the evidence that it had reasonable cause to believe the employee committed a crime for which imprisonment may be imposed.” Pararas-Carayannis v. Dep’t of Commerce, 9 F.3d 955, 957 (Fed.Cir.1993); see also Morrison v. Nat’l Sci. Found., 423 F.3d 1366, 1368-69 n. * (Fed.Cir.2005) (“[T]he same standard — that there is reasonable cause to believe the employee committed a crime for which a sentence of imprisonment may be imposed — has been applied as well to the agency’s decision to impose an indefinite suspension.”). The majority’s characterization of the holdings in those cases as dicta is, of course, itself dictum, but the majority’s dictum has unfortunately cast doubt on the continued vitality of those earlier decisions.
In my view, the panel opinion here will lead to unnecessary confusion as to what is required of an agency before it may indefinitely suspend an employee. Although I would grant en banc review in this case, I welcome Judge Bryson’s view expressed in his concurrence that the court must address these issues in a future case. One may hope that this will happen sooner rather than later given the importance of the standards for indefinite suspensions pending investigation.