NOTE: This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

―――――――――――

**WALTER ROSALES AND KAREN TOGGERY,**
*Plaintiffs-Appellants,*

v.

**UNITED STATES,**
*Defendant-Appellee.*

―――――――――――

2010-5028

―――――――――――

Appeal from the United States Court of Federal Claims in cases nos. 08-CV-512, and 98-860, Judge Lawrence J. Block.

―――――――――――

Decided: September 17, 2010

―――――――――――

PATRICK D. WEBB, Webb & Carey APC, of San Diego, California, argued for plaintiffs-appellants.

ROBERT P. STOCKMAN, Attorney, Environment & Natural Resources Division, United States Department of Justice, of Washington, DC, argued for defendant-appellee. With him on the brief was IGNACIA S. MORENO, Assistant Attorney General.

―――――――――――

Before RADER, *Chief Judge*, FRIEDMAN, and LINN, *Circuit Judges.*

PER CURIAM.

The judgment of the United States Court of Federal Claims, dismissing the two complaints here at issue for lack of jurisdiction, is affirmed, primarily on the basis of the opinion of that court, dated October 14, 2009, and reported at 89 Fed. Cl. 565 (2009), with the following additional statement:

The appellants contend that the decision of the Supreme Court in *Carcieri v. Salazar*, 555 U.S. ----, 129 S. Ct. 1058 (2009), controls this case and requires reversal of the Court of Federal Claim's decision. *Carcieri*, however, has nothing to do with the present case.

Both *Carcieri* and the present case involve the Indian Reorganization Act of 1934 (the "Act"), which authorizes the Secretary of the Interior to acquire land and hold it in trust "for the purpose of providing land for Indians." 25 U.S.C. § 465; *see Carcieri*, 129 S. Ct. at 1060. The Act states that, as there used, "[t]he term 'Indian'" "include[s]" three different categories. *See* 25 U.S.C. § 479. *Carcieri* dealt with the first of those categories: "all persons of Indian descent who are members of any recognized Indian tribe now under Federal jurisdiction." *Id.* The only issue before the Court in *Carcieri*, and the only one it "decide[d]," was "whether the word[s] 'now under Federal jurisdiction' refer[red] to 1998, when the Secretary accepted the . . . parcel into trust, or 1934, when Congress enacted the [Act]." *Carcieri*, 129 S. Ct. at 1064. The Court held that "now" meant 1934, the enactment date.

The present case, however, involves the third statutory category of "Indian": "all other persons of one-half or more Indian blood." *See* 25 U.S.C. § 479. Here the Secre-

tary accepted the disputed land for the United States "in trust for such Jamul Indians of one-half degree or more Indian blood as the Secretary of the Interior may designate." *Carcieri* decided nothing about this "one-half or more" provision. *See Carcieri*, 129 S. Ct. at 1070 (Breyer, J., concurring) ("Neither the Narragansett Tribe nor the Secretary has argued . . . . that any member of the Narragansett Tribe satisfies the 'one-half or more Indian blood' requirement"). Moreover, *Carcieri* dealt only with the merits of the statutory issue—the meaning of "now under federal jurisdiction." The only question in the present case, however, is whether the Court of Federal Claims correctly held that it lacked jurisdiction over the two complaints it dismissed for lack thereof. That court decided nothing relating to the "now under Federal jurisdiction" provision.

The appellants rely on expansive language in *Carcieri*. As this court has noted, however, "[b]road statements in judicial opinions must be interpreted in light of the issue before the court, and cannot uncritically be extended to significantly different situations." *Perez v. Dep't of Justice*, 480 F.3d 1309, 1312 (Fed. Cir. 2007). The Supreme Court's broad statements in *Carcieri*, made in determining the meaning of the statutory term "now," cannot be applied or extended to cover the jurisdictional issue we decide.