NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0781n.06

Case No. 09-3869

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

**Dec 22, 2010**

LEONARD GREEN, Clerk

| | |
|---|---|
| MAURICE IKECHUKWU IBE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) |
| ERIC H. HOLDER, | ) |
| ATTORNEY GENERAL, | ) |
| | ) |
| Respondent. | ) |
| | ) |
| _____ | ) |

ON PETITION FOR REVIEW OF
AN ORDER OF THE BOARD OF
IMMIGRATION APPEALS

BEFORE: MOORE, SUTTON, and FRIEDMAN,[*] Circuit Judges.

FRIEDMAN, Circuit Judge. The primary issue in this case is whether the Immigration Judge justifiably concluded that the loss to the United States from the petitioner Maurice Ibe's Medicare fraud of which he was convicted, exceeded $10,000. The effect of that determination was that Ibe, who was otherwise removable, i.e., deportable, was not eligible for any of the statutory exceptions to removal. We agree with the Immigration Judge and therefore deny the petition for review of the decision of the Board of Immigration Appeals dismissing Ibe's appeal.

I

---

[*]Daniel M. Friedman, United States Court of Appeals for the Federal Circuit, sitting by designation.

Ibe, a Nigerian citizen, lawfully entered the United States in 1989 as a student. He subsequently adjusted his status to that of lawful permanent resident. He is married to an American citizen and they have three young children.

In 2002, Ibe pled guilty to an indictment charging him with Medicare fraud, a felony, in violation of 18 U.S.C. §§ 1347 and 2, by "execut[ing] . . . a scheme and artifice to defraud a health care benefit program" by billing Medicare for "items [that] were purportedly provided to Medicare beneficiaries, but were either never provided or not provided to the extent that Medicare was billed. As a result of the scheme, he wrongfully defrauded Medicare out of in excess of $45,500."

Ibe was sentenced to 36-months probation and to pay restitution of $29,000. The restitution order stated the "Total Amount of Loss" was "29,000."

When Ibe returned to the United States from Nigeria in 2007, after attending his mother's funeral there, he was denied admission. On the same day, he was served with a Notice to Appear before an Immigration Judge to show cause why he should not be removed from the United States. The Notice alleged that he was removable under § 212(a)(2)(A)(i)(I) of the Immigration and Nationality Act ("Immigration Act") as "an alien who has been convicted of . . . a crime involving moral turpitude." The Notice also alleged that he was removable under § 212(a)(7)(A)(i)(I) of that Act as an alien who, at the time of seeking admission, did not have a valid entry document.

An alien who has been convicted of an "aggravated felony" is not eligible for discretionary relief from removal, such as cancellation of removal or waiver of inadmissibility. 8 U.S.C. § 1229b(a)(3) (cancellation of removal); 8 U.S.C. § 1182(h) (waiver of inadmissibility). The Immigration Act defines "aggravated felony" to include

> an offense that - (i) involves fraud or deceit in which the loss to the victim or victims exceeds $10,000.

8 U.S.C. § 1101(a)(43)(M)(i).

At the initial hearing before the Immigration Judge, Ibe admitted the factual allegations in the Notice to Appear, and conceded both charges of removability. Ibe informed the Immigration Judge that he would be seeking discretionary relief, but government counsel intervened, stating "it would appear that the respondent is an aggravated felon by virtue of the fact that the loss to the victim [is] $29,000[,]" making Ibe ineligible for discretionary relief. To show that Medicare's loss from the fraud exceeded $10,000, the government introduced early in the hearing, as Exhibit 2, the documents relating to Ibe's indictment, guilty plea, and sentence. These documents contained the allegation in the indictment that he had "defrauded Medicare out of in excess of $45,500" and the statement in the restitution order to repay $29,000 that that figure was the "Total Amount of Loss."

The Immigration Judge stated: "it does appear from the documents that the fraud did result in a loss to the victims, which in this case was Medicare - - it was the United States Government - - Medicare, the part B program of Medicare, was in excess of $10,000. And under Section 101(a)(43)(M)(I), an aggravated felon[y] includes an offense that involves fraud or deceit in which the loss to the victim or victim[s] exceeds $10,000. It appears that this does fall within the parameters of an aggravated felon[y]." When Ibe replied that "they didn't charge it," the Immigration Judge replied that "it's not necessary." The judge then stated: "The fact that he has been convicted, not charged, but convicted of an aggravated felony renders him ineligible for the forms of relief" from removal.

3

After Ibe said he "should be given an opportunity to at least challenge the issue of whether this is aggravated felony or not," the Immigration Judge gave him approximately two months to do so and continued the hearing. The judge stated that she was giving Ibe the "opportunity to brief the issue of whether he has been convicted of an aggravated felony such that he would no longer be ineligible for certain forms of relief." She so acted after stating several times that, based on the documentary evidence, Ibe had been so convicted. As she stated at one point to Ibe's counsel: "This is a legal argument, sir. It's not a factual argument. The facts are have been [sic] established by Exhibit No. 2."

After Ibe had filed a brief, the Immigration Judge rendered an oral opinion denying Ibe's request for an exception to removal and ordering him removed. The judge held that Ibe's Medicare fraud conviction was for an offense involving fraud or deceit and that the record established that the loss to the victim (Medicare) exceeded $10,000. She therefore ruled that Ibe's Medicare fraud conviction was for an aggravated felony. The Immigration Judge stated:

> In light of this Court's conclusion that the respondent has been convicted of an aggravated felony, the respondent cannot establish his statutory eligibility for cancellation of removal under Section 240A(a), a waiver under Section 212(h) (as the respondent is and was a permanent resident), adjustment of status, or voluntary departure.

The Board of Immigration Appeals sustained the Immigration Judge's decision. In a relatively short order, the Board "adopt[ed] and affirm[ed] the decision of the Immigration Judge," and dismissed Ibe's appeal. The Board stated: "The fact that, in this case, the judgment indicates a total amount of loss of $29,000 whereas the indictment alleges the respondent defrauded in excess

4

of \$45,500 does not create any ambiguity about whether the respondent's crime caused a loss exceeding \$10,000 rendering it an aggravated felony."

II

The statutory provisions governing this case, although somewhat complex, may be briefly summarized. An alien who has been convicted of a crime involving moral turpitude may be denied admission. 8 U.S.C. § 1182(a)(2)(A)(i)(I). The Attorney General has discretion generally to admit or waive removal of an alien convicted of a crime of moral turpitude, but cannot do so for an alien convicted of an aggravated felony. 8 U.S.C. § 1229b(a)(3); 8 U.S.C. § 1182(h). As noted, an aggravated felony involving fraud or deceit is one "in which the loss to the victim or victims exceeds \$10,000." 8 U.S.C. § 1101(a)(43)(M)(i).

Before the Immigration Judge, Ibe conceded his removability, but sought discretionary relief from such action. The government contended that he was not eligible for that relief because he had been convicted of an aggravated felony. The issue at that point was whether his Medicare fraud conviction was for such a crime. The answer turned on whether the government's loss from the crime exceeded \$10,000. The Immigration Judge and the Board justifiably concluded that it did.

A. The documents in Exhibit 2 established the following facts: (1) Ibe pled guilty to an indictment charging Medicare fraud and alleging that, "[a]s a result of the scheme he wrongfully defrauded Medicare out of in excess of \$45,500," (2) his sentence included payment of restitution of \$29,000, and (3) the document imposing the sentence stated, under "Total Amount of Loss," "29,000." If unrefuted, these facts justified the Immigration Judge's conclusion that the government's loss from Ibe's Medicare fraud exceeded \$10,000 and that his crime therefore was an

aggravated felony. In other words, those facts established a prima facie case that Ibe's fraud conviction was for an aggravated felony.

The burden then shifted to Ibe to refute that showing. Ibe, however, neither presented nor summarized any evidence he was prepared to present showing that the government's loss from his fraud was $10,000 or less. At no point in this case - not before the Immigration Judge, the Board of Immigration Appeals, or this court - did he present such evidence or state what it would be. His only argument was that the amounts in Exhibit 2 ($45,500 and $29,000) did not accurately reflect but actually exaggerated the amount the government lost.

Ibe contends that the Immigration Judge's statements that Exhibit 2 established that Ibe's crime of conviction was an aggravated felony and that she was authorizing Ibe to file a brief on that legal issue, but not on factual issues, precluded him from presenting such evidence. We do not read the Immigration Judge's comments as imposing such a limitation. In any event, in his brief Ibe did not set forth (in the body or in an appendix) any evidence he was prepared to offer on the amount the government lost from his fraud. He certainly could have made an offer of proof on that subject. The Immigration Judge gave him two months to file such a brief. He does not contend that the time was inadequate to develop and formulate such evidence and did not seek an extension of time for filing on that ground.

Ibe further contends that he was denied procedural due process because the Notice to Appear, which instituted the removal proceedings, charged only that he had committed a crime involving moral turpitude, and that the charge that the crime was an aggravated felony was not made until government counsel so asserted at the outset of the hearing. But the government was not required

6

"to list every defense against [petitioner's] potential applications for discretionary relief." *Matovski v. Gonzales*, 492 F.3d 722, 739 (6th Cir. 2007). The Notice to Appear alleged that Ibe was convicted for Medicare fraud, and that he was removable for committing a crime of moral turpitude, both of which Ibe conceded. The issue whether the Medicare fraud was an aggravated felony only became relevant when Ibe sought discretionary relief. Ibe does not assert that this delay in identifying his conviction as one for an aggravated felony precluded him from submitting evidence to refute that charge; nor could he, in view of the two months the Immigration Judge gave him to submit a brief addressing the aggravated felony issue.

B. Ibe contends, however, that the recent Supreme Court decision in *Nijhawan v. Holder*, 129 S. Ct. 2294 (2009), controls this case and requires reversal of the Board's decision. *Nijhawan*, in which the petitioner's aggravated felony status was the basis on which the government removed him, involved a different issue than the present case - - one of statutory interpretation.

The question there, as the Court described it, was whether the statutory language here involved, defining "aggravated felony" as one "in which the loss to the victim or victims exceeds $10,000," "refers to an element of the fraud or deceit 'offense' as set forth in the particular fraud or deceit statute defining the offense of which the alien was previously convicted" - the so-called "categorical" interpretation. 129 S. Ct. at 2297. The Court instead applied a "circumstance - specific" interpretation, *id.* at 2300, holding that the statutory "language does not refer to an element of the fraud or deceit crime. Rather it refers to the particular circumstances in which an offender committed a (more broadly defined) fraud or deceit crime on a particular occasion," namely, "the facts and circumstances underlying an offender's conviction." *Id.* at 2297-99.

The Immigration Judge's decision in the present case applied the "particular circumstances"standard announced in *Nijhawan*. Her determination that Ibe's Medicare fraud was an aggravated felony rested squarely upon the evidence that the details of his conviction and sentence established that the government's loss from that particular fraud exceeded $10,000.

Ibe relies not on the Court's holding but on broad statements in the opinion, such as "the statute foresees the use of fundamentally fair procedures, including procedures that give an alien a fair opportunity to dispute a Government claim that a prior conviction involved a fraud with the relevant loss to victims." *Id.* at 2303. Those statements were made in rejecting the petitioner's "alternative argument" that to achieve fairness the Court should adopt a "modified categorical approach" involving certain evidentiary limitations, instead of either an absolute categorical approach or the "facts specific" approach the Court adopted. *Id.* at 2302. They explain why the Court concluded that its construction of the statute provided aliens with basically fair procedures.

This court has recognized "the perils of failing to anchor broad language to the context in which it was written." *Blau v. Fort Thomas Pub. Sch. Dist.,* 401 F.3d 381, 395 (6th Cir. 2005). As the Federal Circuit has stated, "[b]road statements in judicial opinions must be interpreted in light of the issue before the court, and cannot uncritically be extended to significantly different situations." *Perez v. Dep't of Justice*, 480 F.3d 1309, 1312 (2007). Here, as we have shown, the government established by clear and convincing evidence that its loss from Ibe's Medicare fraud exceeded $10,000 and Ibe had "a fair opportunity to dispute a Government claim that a prior conviction involved a fraud with the relevant loss to victims." *Nijhawan*, 129 S. Ct. at 2303.

CONCLUSION

The petition for review of the decision of the Board of Immigration Appeals is denied.