# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

RACHELLE VANDERPLAS,
     Appellant,

     v.

DEPARTMENT OF THE INTERIOR,
     Agency.

DOCKET NUMBER
DE-0752-14-0212-I-1

DATE: December 16, 2014

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Rachelle Vanderplas</u>, Springville, Utah, pro se.

<u>Shelly Westerkamp</u>, Esquire, and <u>Susannah Thomas</u>, Esquire, Salt Lake
     City, Utah, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which affirmed the agency's indefinite suspension action for engaging in off-duty criminal activity. For the reasons set forth below, we GRANT the appellant's

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

petition for review and REVERSE the initial decision. The indefinite suspension action is NOT SUSTAINED.

## BACKGROUND

¶2      On November 20, 2013, the agency proposed to indefinitely suspend the appellant, a GS-11 Geologist, for allegedly engaging in off-duty criminal activity after she was arrested and charged in Utah District Court with multiple counts of felony drug and firearm charges and one misdemeanor charge of use or possession of drug paraphernalia. Initial Appeal File (IAF), Tab 6 at 9 (Standard Form 50), 23-25 (proposal notice). The proposal notice explained that, based on the seriousness of the charges, there was reasonable cause to believe that the appellant may have committed a crime for which a sentence of imprisonment could be imposed. *Id.* at 23. The appellant gave an oral reply and submitted a written response in which she denied any involvement in the criminal activity. *Id.* at 12-13. She explained that the drugs/contraband belonged to her husband and that she had not known they were in her house. *Id.* The agency's notes of the oral reply reflect that the appellant stated that the search warrant was issued only in her husband's name and that she had tested negative for drug use after her arrest. *Id.* at 12. On January 17, 2014, the deciding official imposed the indefinite suspension effective January 26, 2014, finding that the facts and circumstances set forth in the proposal notice were supported by preponderant evidence. *Id.* at 10-11. The decision letter noted that the appellant had presented copies of the search warrant and toxicology report at her oral reply but did not describe the contents of either document. *See id.* at 10.

¶3      The appellant appealed the indefinite suspension. IAF, Tab 1. On appeal, she again denied any wrongdoing, asserted that all of the evidence indicated that she was not involved in any criminal activity, and argued that she had been improperly suspended without pay prior to any preliminary or pre-trial hearings in the district court. *Id.* at 5. The agency responded that the proposal and

decision to indefinitely suspend the appellant were premised on findings by the district court judge. IAF, Tab 6 at 4-5. The administrative judge affirmed the indefinite suspension without holding a hearing,[2] finding that the agency had proven: (1) the propriety of the indefinite suspension based upon the "crime exception" because the charges brought against the appellant by the State of Utah established that there was "reasonable cause" to believe that she had committed a crime for which a term of imprisonment could be imposed and that the indefinite suspension had an ascertainable end; (2) that the action promoted the efficiency of the service; and (3) that the penalty of indefinite suspension was reasonable. ID at 3-5.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶4      The appellant has filed a petition for review of the initial decision, to which the agency has not responded. Petition for Review (PFR) File, Tab 1. We have reviewed the appellant's arguments and the record, and, as discussed below, find that the indefinite suspension must be reversed.

¶5      The administrative judge found that the agency based the indefinite suspension on the "crime exception" under 5 U.S.C. § 7513(b)(1), which permits an agency to take an adverse action with less than 30 days' advance written notice when "there is reasonable cause to believe the employee has committed a crime for which a sentence of imprisonment may be imposed."[3] *See* ID at 3. In the

---

[2] In her appeal, the appellant requested a hearing. IAF, Tab 1 at 2. However, in the Order Closing the Record, the administrative judge indicated that the appellant had not requested a hearing and ordered that the parties submit evidence and argument prior to the close of the record. IAF, Tab 7 at 2. Neither party filed any further submission nor challenged the administrative judge's determination not to hold a hearing. *See* IAF, Tab 8, Initial Decision (ID) at 1.

[3] Although the agency did not explicitly invoke 5 U.S.C. § 7513(b)(1) in the proposal notice, we agree that the agency intended to base the indefinite suspension on the "crime exception" because: the proposal notice recites the "reasonable cause" standard and provides that a decision would be made "as soon as possible" after the appellant's response or the expiration of her 7 days to respond in the proposal notice, IAF, Tab 6 at 23, 25; on appeal, the agency referenced and provided a highlighted copy of 5 C.F.R.

instant case, however, the appellant received the agency's notice of proposed indefinite suspension on or about November 20, 2013, and the suspension did not become effective until January 27, 2014. IAF, Tab 6 at 10-11, 23-25. Thus, the appellant received at least 30 days' advance written notice of her indefinite suspension, and the "crime exception" need not have been applied in this case. *See Perez v. Department of Justice*, 480 F.3d 1309, 1313-14 (Fed. Cir. 2007). Nevertheless, because the agency invoked the "reasonable cause" standard as the reason for its action, the agency must meet this standard, i.e., show that it had reasonable cause to believe that the appellant committed a crime for which a sentence of imprisonment could be imposed, in order for the indefinite suspension to be sustained. *See Hernandez v. Department of the Navy*, 120 M.S.P.R. 14, ¶ 6 n.3 (2013); *see also Jones v. Department of the Navy,* 120 M.S.P.R. 607, ¶ 7 (2014) (the Board is required to review the agency's decision on an adverse action solely on the grounds invoked by the agency).

¶6    "Reasonable cause" in the context of an indefinite suspension based on criminal misconduct is virtually synonymous with "probable cause," which is necessary to support a grand jury indictment, i.e., probable cause to believe that a crime has been committed and that the accused has probably committed it. *Hernandez*, 120 M.S.P.R. 14, ¶ 7. The mere initiation of a felony criminal proceeding and issuance of an arrest warrant based on an ex parte finding of probable cause by a magistrate, without more, is insufficient to constitute reasonable cause. *See Dunnington v. Department of Justice*, 956 F.2d 1151, 1153, 1157 (Fed. Cir. 1992); *Phillips v. Department of Veterans Affairs*, 58 M.S.P.R. 12, 14-15 (1993), *aff'd*, 17 F.3d 1443 (Fed. Cir. 1994) (Table). On the other hand, a formal judicial determination of probable cause following a

§ 752.404(d)(1), the corresponding regulation setting forth the crime exception, IAF, Tab 6 at 4, 22; and the agency did not object to the administrative judge's characterization of the action as based on the "crime exception" below or on review, *see* IAF, Tab 7, ID at 3.

preliminary hearing or an indictment following an investigation and grand jury proceeding is more than sufficient to establish reasonable cause. *Dunnington*, 956 F.2d at 1157. Where judicial proceedings alone are insufficient to establish reasonable cause, it is incumbent upon the agency to undertake some affirmative action to "to satisfy itself that there was reasonable cause to believe that a crime was committed for which imprisonment could be imposed." *Barresi v. U.S. Postal Service*, 65 M.S.P.R. 656, 666 (1994).

¶7    According to the proposal notice, the agency based its reasonable cause finding on the "seriousness" of the "formally charged" crimes set forth above. IAF, Tab 6 at 23. Although what the agency meant by "formally charged" is unclear, the incomplete Utah District Court docket report provided by the agency reveals that on September 13, 2013, an information was filed in district court, a summons was issued, and an initial appearance was scheduled for October 10, 2013. *Id.* at 29. At the initial appearance, the district court judge ordered the state to provide an amended information and scheduled a proceeding identified by the docket report as a "waive prelim hearing" for November 7, 2013.[4] *Id.* at 29-30. There was no evidence of any further judicial proceeding presented before the administrative judge. *See id.* at 27-30. At issue then is whether these steps in the criminal proceeding were sufficient to establish reasonable cause and, if not, whether the agency undertook some affirmative action to satisfy itself that it had reasonable cause to take the indefinite suspension action. *See Dunnington*, 956 F.2d at 1157; *see also Barresi*, 65 M.S.P.R. at 666.

¶8    In Utah, all criminal prosecutions are commenced by the filing of an information or the return of an indictment. Utah R. Crim. P. 5(a). Unlike an indictment, a criminal information may be filed without any prior investigation or

---

[4] While it is unclear what a "waive prelim hearing" entails, it is presumably a hearing to determine whether and when a preliminary examination will be held. In Utah, a defendant charged with a felony is entitled to a preliminary examination before a magistrate to determine whether probable cause exists to bind the defendant over for trial. Utah R. Crim. P. 7(h), (i)(2).

probable cause determination by a neutral decision maker but requires only authorization by the prosecuting attorney. *See* Utah Code Ann. §§ 77-2-1, 77-2.1.1; Utah R. Crim. P. 5. Thus, under the circumstances here, the filing of an information, without more, is insufficient to establish reasonable cause. *See Dunnington*, 956 F.2d at 1157.

¶9 In addition to the filing of the information, there was evidence before the administrative judge that the district court judge issued a summons for the appellant's appearance. IAF, Tab 6 at 29. In Utah, the magistrate may issue either a warrant for the arrest or a summons for the appearance of the accused if it appears from the information that there is probable cause to believe that an offense has been committed and that the accused has committed it. Utah R. Crim. P. 6(a). It is well-settled, however, that the issuance of an arrest warrant based on an ex parte finding of probable cause by a magistrate, without more, is insufficient to establish reasonable cause. *See Dunnington*, 956 F.2d at 1157. Likewise, we find that the issuance of a summons in lieu of an arrest warrant is insufficient to establish reasonable cause.[5] *See id.*; *see also* Utah R. Crim. P. 6(a).

¶10 The agency asserted below that it proposed to indefinitely suspend the appellant on November 20, 2013, because the district court judge upheld the felony charges after a preliminary hearing on November 7, 2013. IAF, Tab 6 at 4. The agency also asserted that it sustained the indefinite suspension on January 17, 2014, based on the district court judge's decision to hold the case over for a hearing on January 16, 2014. *Id.* at 5. Although a formal judicial finding of probable cause following a preliminary hearing would be sufficient on its own to establish reasonable cause, *see Dunnington*, 956 F.2d at 1157, neither the

[5] In Utah, a summons is issued in lieu of an arrest warrant if it appears to the magistrate that the accused will appear on a summons and there is no substantial danger of a breach of the peace, or injury to persons or property, or danger to the community. Utah R. Crim. P. 6(b).

proposal notice nor the decision letter made any reference to any finding by the district court judge, *see id.* at 10-11, 23-25. It is well-established that the agency is constrained to those bases enunciated in the proposal notice, and the Board will not consider the agency's post hoc rationale for its actions on appeal. *See Jones*, 120 M.S.P.R. 607, ¶ 7. Further, there was no evidence before the administrative judge to show that the district court judge took these actions on November 7, 2013, or January 16, 2013.[6] *See* IAF, Tab 6. The last entry in the partial docket report provided by the agency is from October 10, 2013, when the appellant made an initial appearance and the district court judge scheduled a proceeding identified as a "waive prelim hearing" on November 7, 2013. *Id.* at 29-30. As such, the agency's contentions on appeal regarding proceedings and findings in the criminal case are unsupported and fail to establish reasonable cause.

¶11    As the criminal proceeding alone did not establish reasonable cause, it was incumbent upon the agency to undertake some affirmative action to determine if there was reasonable cause to impose the indefinite suspension. *See Barresi*, 65 M.S.P.R. at 666. However, there is no evidence in the record that the agency did so. *See generally*, IAF, Tab 6. Accordingly, the agency failed to present sufficient evidence to establish reasonable cause. *See Phillips*, 58 M.S.P.R. 12, 15; *see also Barresi*, 65 M.S.P.R. 656, 666-67 (rejecting the agency's attempt to

---

[6] Although the Board will not consider new evidence submitted for the first time on review absent a showing that it was unavailable before the record was closed despite the party's due diligence, 5 C.F.R. § 1201.115, new evidence submitted by the appellant on review includes a full docket report showing that the preliminary hearing was not held until January 30, 2014. PFR File, Tab 1 at 10-11. Although "waive prelim[inary] hearing[s]" were scheduled November 7, 2013, and December 5, 2013, there is no indication that any probable cause determination was made on those dates. *Id.* at 9. In contrast, the docket report explicitly states that the district court judge found probable cause to bind the case over for trial on January 30, 2014. *Id.* at 10-11. Thus, contrary to the agency's assertion, it appears that the district court judge did not uphold the felony charges on November 7, 2013, nor hold the appellant's case over on January 16, 2014. *See* IAF, Tab 6 at 4-5; *see also* PFR File, Tab 1 at 9-13. While of no relevance to the instant indefinite suspension appeal, we also note that the docket report shows that the charges against the appellant were apparently dismissed with prejudice on May 15, 2014. PFR File, Tab 1 at 12-13.

justify indefinite suspensions based on employees' arrests and arraignments "without investigating the underlying facts behind" those actions).

¶12     Based on the foregoing, we find that the agency did not have reasonable cause to indefinitely suspend the appellant and the action cannot be sustained.

## ORDER

¶13     We ORDER the agency to cancel the indefinite suspension action and restore the appellant effective January 27, 2014.  *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984).   The agency must complete this action no later than 20 days after the date of this decision.

¶14     We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, no later than 60 calendar days after the date of this decision.  We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order.  If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

¶15     We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it took to carry out the Board's Order.  The appellant, if not notified, should ask the agency about its progress.  *See* 5 C.F.R. § 1201.181(b).

¶16     No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order.  The petition should contain specific reasons why the appellant believes that the agency has not

fully carried out the Board's Order, and should include the dates and results of any communications with the agency.  5 C.F.R. § 1201.182(a).

¶17        For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached.  The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

**NOTICE TO THE APPELLANT REGARDING
YOUR RIGHT TO REQUEST
ATTORNEY FEES AND COSTS**

You may be entitled to be paid by the agency for your reasonable attorney fees and costs.  To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g).  The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203.  If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION.  You must file your attorney fees motion with the Clerk of the Board.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

This is the final decision of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulations, section 1201.113(c) (5 C.F.R. § 1201.113(c)).  You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                              _____
                                           William D. Spencer
                                           Clerk of the Board

Washington, D.C.

|  | **DFAS CHECKLIST**<br><br>**INFORMATION REQUIRED BY DFAS IN ORDER TO PROCESS PAYMENTS AGREED UPON IN SETTLEMENT CASES OR AS ORDERED BY THE MERIT SYSTEMS PROTECTION BOARD** |
|---|---|

## CIVILIAN PERSONNEL OFFICE MUST NOTIFY CIVILIAN PAYROLL OFFICE VIA COMMAND LETTER WITH THE FOLLOWING:

1. Statement if Unemployment Benefits are to be deducted, with dollar amount, address and POC to send.

2. Statement that employee was counseled concerning Health Benefits and TSP and the election forms if necessary.

3. Statement concerning entitlement to overtime, night differential, shift premium, Sunday Premium, etc, with number of hours and dates for each entitlement.

4. If Back Pay Settlement was prior to conversion to DCPS (Defense Civilian Pay System), a statement certifying any lump sum payment with number of hours and amount paid and/or any severance pay that was paid with dollar amount.

5. Statement if interest is payable with beginning date of accrual.

6. Corrected Time and Attendance if applicable.

## ATTACHMENTS TO THE LETTER SHOULD BE AS FOLLOWS:

1. Copy of Settlement Agreement and/or the MSPB Order.

2. Corrected or cancelled SF 50's.

3. Election forms for Health Benefits and/or TSP if applicable.

4. Statement certified to be accurate by the employee which includes:

    a. Outside earnings with copies of W2's or statement from employer.
    b. Statement that employee was ready, willing and able to work during the period.
    c. Statement of erroneous payments employee received such as; lump sum leave, severance pay, VERA/VSIP, retirement annuity payments (if applicable) and if employee withdrew Retirement Funds.

5. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.



# NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts.

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

   a. Employee name and social security number.
   b. Detailed explanation of request.
   c. Valid agency accounting.
   d. Authorized signature (Table 63)
   e. If interest is to be included.
   f. Check mailing address.
   g. Indicate if case is prior to conversion. Computations must be attached.
   h. Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected. (if applicable)

## Attachments to AD-343

1. Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement. (if applicable)

2. Copies of SF-50's (Personnel Actions) or list of salary adjustments/changes and amounts.

3. Outside earnings documentation statement from agency.

4. If employee received retirement annuity or unemployment, provide amount and address to return monies.

5. Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)

6. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.

7. If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE: If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases: (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

   a. Must provide same data as in 2, a-g above.
   b. Prior to conversion computation must be provided.
   c. Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.