# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| STANLEY JOHNSON, | DOCKET NUMBER |
|            Appellant, | AT-0752-14-0405-I-1 |
|      v. | |
| UNITED STATES POSTAL SERVICE, | DATE: April 10, 2015 |
|          Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Janice P. Gregerson, Esquire, Washington, D.C., for the appellant.

Daniel E. Ellenbogen, Esquire, Arlington, Virginia, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction his alleged constructive suspension and alleged involuntary disability retirement appeal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 In connection with his duties as a GS-13 Criminal Investigator with the agency's Office of Inspector General (OIG), the appellant, in 2010, initiated an investigation into allegations that a female U.S. Postal Service employee exaggerated her symptoms so as to qualify for continued Office of Workers' Compensation Programs (OWCP) benefits. Based on the report the appellant prepared, the female employee was notified that OWCP intended to terminate her benefits. At a hearing which followed, she testified that she had dated the appellant and that she believed the investigation he headed regarding her activities was retaliatory. Initial Appeal File (IAF), Tab 23 at 48-49. In response to the allegations, and despite the fact that the appellant had been in a prior relationship with the female employee, he signed and submitted to OWCP a statement denying ever having maintained a personal relationship with her. *Id.* at 69.

¶3 Based on the female employee's allegations, the OIG's Special Inquiries Division initiated an investigation into allegations that the appellant had improperly failed to disclose his personal involvement with her. As a result, an Assistant U.S. Attorney notified the appellant by letter dated January 8, 2013,

that he was the subject of an investigation conducted by the Department of Justice (DOJ) regarding possible violations of federal criminal laws and related offenses pertaining to conduct and statements he made in connection with the female employee and that an indictment was anticipated in the coming months. *Id.*, Tab 7 at 11-12. Based on that letter, on January 9, 2013, the agency issued the appellant a notice of proposed indefinite suspension and placed him on administrative leave. *Id.* at 13-14. On February 22, 2013, the appellant requested 12 weeks of sick leave to start on February 25, 2013, indicating that the agency was completing its portion of his disability retirement application. *Id.*, Tab 14 at 22. On February 26, 2013, the appellant submitted to the Office of Personnel Management (OPM) his disability retirement application based on post-traumatic stress disorder (PTSD) and alcohol abuse. *Id.*, Tab 7 at 28-31. The following day, the agency amended the appellant's proposed indefinite suspension notice to explain that the action was based on DOJ's pending investigation of his criminal conduct which, as to his misstatement of a material fact concerning his relationship with the female employee, was in violation of 18 U.S.C. § 1001. IAF, Tab 7 at 15-18.

¶4      On April 22, 2013, the agency notified the appellant that it was rescinding the notice of proposed indefinite suspension based on the decision of the U.S. Attorney's Office not to charge the appellant with a crime. *Id.* at 18-19. The agency advised the appellant, however, that, based on the information contained in his disability retirement application, he would remain on Family Medical Leave Act leave until his physician cleared him for duty. *Id.*

¶5      On June 27, 2013, the appellant filed a formal complaint of discrimination in which he alleged that the agency's ongoing pattern and practice of discrimination and hostile work environment harassment on the basis of his race (African American) forced him to take leave and compelled him to apply for disability retirement. *Id.*, Tab 25 at 34-37.

¶6   On August 30, 2013, OPM approved the appellant's application for disability retirement based on PTSD. *Id.*, Tab 7 at 24-28. Notwithstanding, on September 10, 2013, the agency proposed the appellant's removal citing negligent performance of duties and unprofessional conduct; that is, conduct unbecoming a law enforcement officer, *id.*, Tab 13, but no decision was issued as his retirement on disability was effective on September 25, 2013, *id.*, Tab 1 at 8.

¶7   On December 23, 2013, the agency issued a final agency decision on the appellant's formal discrimination complaint rejecting his claim. *Id.* at 10-40. On appeal to the Board, he argued that the agency had constructively suspended him for more than 14 days and that intolerable working conditions rendered his disability retirement involuntary. *Id.* at 1-6. He requested a hearing. *Id.* at 2.

¶8   Thereafter the administrative judge issued an initial decision dismissing the appellant's appeal for lack of jurisdiction. *Id.*, Tab 33, Initial Decision (ID) at 1, 19. The administrative judge found that the appellant failed to establish that his disability retirement was involuntary or otherwise constituted a constructive removal within the Board's jurisdiction. ID at 9-13. The administrative judge then addressed the appellant's constructive suspension claim, notwithstanding that he was in a paid leave status at all times during the events at issue until the effective date of his disability retirement, and concluded that the appellant failed to establish that he was constructively suspended. ID at 13-19.

¶9   The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 1, to which the agency has responded in opposition, *id.*, Tabs 5-6.

¶10   On review, the appellant argues that the administrative judge failed to consider that his indefinite suspension was improper because the agency lacked reasonable cause to believe that he committed a crime for which a sentence of imprisonment may be imposed, *id.*, Tab 1, at 12-15, and that, because the agency knew or should have known that it could not succeed in the indefinite suspension action, the appellant's disability retirement was coerced, *id.* at 14-15, 18.

¶11      As the administrative judge properly found, in order to establish that a disability retirement was involuntary, an appellant must establish that an accommodation was available between the time his medical condition arose and the date of his separation that would have allowed him to continue his employment; he communicated to the agency his desire to continue working but that his medical limitations required a modification of his working conditions or duties; and the agency unjustifiably failed to provide him that accommodation. ID at 2; *see Okleson v. U.S. Postal Service*, 90 M.S.P.R. 415, ¶¶ 7-8 (2001). Thus, the Board generally limits its jurisdiction over alleged involuntary disability retirement claims to cases where the agency improperly denied an appellant's request for accommodation. *Vaughan v. Department of Agriculture*, 116 M.S.P.R. 493, ¶ 12 (2011). The administrative judge properly did not consider whether the appellant established that his disability retirement was involuntary under this test because he did not allege that he ever requested an accommodation that would have enabled him to continue to perform the essential duties of his position or another vacant position to which he could have been reassigned.

¶12      While this standard is correct to determine the Board's jurisdiction in most involuntary disability retirement appeals, as the administrative judge acknowledged, the Board, in unusual circumstances, has applied its regular principles for determining jurisdiction over alleged involuntary retirements to assess the voluntariness of a disability retirement. ID at 2-3; *see, e.g.*, *Vaughan*, 116 M.S.P.R. 493, ¶¶ 13-14 (the appellant alleged that the agency created a hostile work environment which led to intolerable working conditions and ultimately his disability retirement); *Hosford v. Office of Personnel Management*, 107 M.S.P.R. 418, ¶ 9 (2007) (finding the appellant's disability retirement to be involuntary on the basis of misinformation). Another of these general principles of involuntariness is where an appellant shows that the agency knew that it would not prevail on a proposed adverse action. In such a case, the proposed action is

coercive and the resulting employee action is involuntary. *Baldwin v. Department of Veterans Affairs*, 109 M.S.P.R. 392, ¶ 12 (2008). The appellant here contends that the agency knew or should have known that it could not prevail on its proposed indefinite suspension action.[2] The appellant argues that the mere existence of an agency's investigation or inquiry into allegations of misconduct does not constitute a circumstance justifying, or cause for imposing, an indefinite suspension.[3] *Gonzalez v. Department of Homeland Security*, 114 M.S.P.R. 318, ¶ 28 (2010). In fact, however, the investigation in this case was not conducted by the agency but rather by DOJ. IAF, Tab 7 at 11-12. In any event, we need not determine whether the agency's proposed indefinite suspension was proper or whether such an action, which is short of a proposed removal, can trigger the knew or should have known principle of involuntariness upon which the appellant relies. That is so because, while the appellant's application for disability retirement was pending, the agency rescinded the notice of proposed indefinite suspension. *Id.* at 18-19. Although that action removed the threat of indefinite suspension, the appellant did not seek to withdraw his application at that time or at any time during the following 4 months while OPM was considering his application. *Id.* at 24-28. These circumstances preclude a finding that the appellant was coerced to retire because of the agency's proposed indefinite suspension.[4]

---

[2] As noted, the administrative judge found that the appellant did not establish that the agency knew or should have known that it could not have sustained a decision to remove him based on the charges set forth in the proposal notice. ID at 13.

[3] The appellant also argues that the proposed indefinite suspension was improper because the agency failed to show that it had reasonable cause to believe that he had committed a crime for which a sentence of imprisonment could be imposed. PFR File, Tab 1 at 12-13. Our reviewing court has found, however, that the "reasonable cause to believe" clause in 5 U.S.C. § 7513(b)(1) is not a substantive requirement for imposing an indefinite suspension after at least 30 days' notice. *Perez v. Department of Justice*, 480 F.3d 1309, 1313-14 (Fed. Cir. 2007).

[4] Because this case was decided after a hearing, the issue is not whether the appellant raised a nonfrivolous allegation of jurisdiction but whether he established jurisdiction

¶13     The administrative judge found that the appellant presented very little evidence in support of his claim that the agency treated African-American employees more harshly than white employees, ID at 11-12, and that he therefore failed to establish that the agency engaged in racially discriminatory conduct that caused him to become disabled and rendered his disability retirement involuntary. ID at 9-13. The administrative judge also considered the appellant's claim that the agency's actions in investigating his potentially criminal conduct regarding the investigation of the female employee exacerbated his PTSD to the point where he was no longer medically able to fulfill his duties, concluding that, while the appellant may have reasonably believed that the exacerbation of his PTSD as a result of the agency's investigation left him with no meaningful choice other than to apply for disability retirement, he failed to show that the agency engaged in wrongful actions that deprived him of such a meaningful choice. ID at 12. Finally, the administrative judge considered the appellant's assertion that the agency coerced his retirement by proposing his removal and/or by reissuing the Standard Form (SF) 50 documenting his retirement to reflect that his application was approved during the pendency of a removal action for cause. As noted, the administrative judge found that the appellant did not establish that the agency knew or should have known that it could not have sustained a decision to remove him based on the charges set forth in the proposal notice, that the reissued SF-50 was processed after the appellant learned that OPM had approved his disability retirement application, and that he did not show that the change affected his decision to retire. ID at 13. The appellant does not otherwise challenge the administrative judge's findings that he failed to establish that his disability retirement was involuntary and we discern no basis upon which to disturb those findings. *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings where he considered the

by a preponderance of the evidence. *See, e.g.*, *Salazar v. Department of the Army*, 115 M.S.P.R. 296, ¶¶ 3, 12 (2010).

evidence as a whole, drew appropriate inferences, and made reasoned conclusions).

¶14      On review, the appellant also challenges the administrative judge's findings with regard to the periods of alleged constructive suspension. PFR File, Tab 1 at 18-20. As the administrative judge correctly found, to establish Board jurisdiction over a constructive suspension claim, an appellant must show that he lacked a meaningful choice in the matter and that it was the agency's wrongful actions that deprived him of that choice. ID at 4; *see Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶ 8 (2013). The appellant first addresses the period from January 9, 2013, when he was first placed on paid administrative leave, through April 21, 2013, the day before the amended notice of proposed indefinite suspension was rescinded. He asserts that, because he reasonably believed that his administrative leave would end on February 22, 2013, he was left with no choice but to make his request that day for 12 weeks of sick leave. PFR File, Tab 1 at 19. We note that, in a prehearing order, the administrative judge found that, because the appellant was on administrative leave from January 9, 2013, through February 22, 2013, he failed to nonfrivolously allege that he was subjected to an appealable suspension during that period of time. IAF, Tab 11 at 1-2. The appellant did not challenge that finding, *id.*, Tab 12, and we find no basis to disturb it, *see LaMell v. Armed Forces Retirement Home*, 104 M.S.P.R. 413, ¶ 9 (2007).

¶15      As to the period from February 25, 2013, the first day of the appellant's sick leave, through April 21, 2013, the day before the agency rescinded the amended notice of proposed indefinite suspension, the appellant alleges that, because he believed his administrative leave was ending, he had no choice but to use sick leave. PFR File, Tab 1 at 18-19. The administrative judge found, based on a series of emails between management officials, that the appellant believed, at least initially, that the agency would place him in an unpaid status at the expiration of the 30-day notice period that followed his receipt of the first notice

of proposed indefinite suspension and that this was so despite the fact that the agency could not have properly placed him in an unpaid status, even if the 30-day advanced notice period expired prior to the issuance of a decision letter. ID at 14-17. The administrative judge found, however, that, when the appellant requested sick leave, he knew he was still on administrative leave and receiving pay even though the 30-day notice period had passed and that he therefore should have known that any perception he may have had that the agency would place him in unpaid status at the end of that notice period was incorrect. The administrative judge concluded, therefore, that the appellant failed to establish that his absence during this period was a constructive suspension within the Board's jurisdiction. ID at 17. Despite his disagreement, the appellant has not shown error in the administrative judge's findings. The appellant has not shown that, when he requested sick leave, he lacked any meaningful choice but to do so because of a wrongful act by the agency. *See Bean*, 120 M.S.P.R. 397, ¶ 8.

¶16      As to the period between April 22, 2013, when the agency rescinded the amended notice of proposed indefinite suspension, and September 25, 2013, the effective date of his disability retirement, the appellant argues that he was constructively suspended because he had no choice but to remain on sick leave and the agency had improperly proposed his indefinite suspension. PFR File, Tab 1 at 19-20. The administrative judge found that, although the appellant's choice to remain on sick leave until OPM approved his disability retirement application or to return to duty was not a meaningful one because OPM ultimately determined that he was medically unable to perform his duties, ID at 17-18, it was not the agency's wrongful actions that deprived the appellant of that choice. As the administrative judge found, even if the agency's undertaking of the investigation into the appellant's misconduct may have exacerbated his PTSD, the agency acted within its authority in conducting that investigation, and it also acted properly in not allowing him to return to duty until he had been medically cleared. ID at 18; IAF, Tab 30 at 152. Although the appellant argues that the notices of proposed

indefinite suspension "changed the tide" for him, PFR File, Tab 1 at 20, he has not shown how those proposals, which, at the time in question, had been rescinded, constituted wrongful action by the agency that deprived him of a meaningful choice to return to work. *See Bean*, 120 M.S.P.R. 397, ¶ 8.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:        _____
                      William D. Spencer
                      Clerk of the Board

Washington, D.C.